# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60643
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2017

Lyle W. Cayce
Clerk

CARLOS MAURICIO ASCENCIO-VANEGAS,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 206 628 290

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Carlos Mauricio Ascencio-Vanegas, a native and citizen of El Salvador, petitions this court for review of an order entered by the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's (IJ) order denying his applications for asylum, withholding of removal, and relief under the Conviction Against Torture (CAT). He contends that he was persecuted and fears persecution or torture by gang members on account of his political

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

opinion and his membership in a particular social group made up of young Salvadoran males with moral objections to gang involvement who have been subject to forced recruitment.

Because the BIA agreed with the IJ's denial of relief, we will review both decisions. *See Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). We review factual findings under the substantial evidence standard and legal questions de novo, giving deference to the BIA's interpretation of any ambiguous immigration statutes. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012) (citing *Chevron, U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 842 (1984)).

An alien seeking asylum must demonstrate past persecution or a well-founded fear of persecution because of one of five protected grounds, including membership in a particular social group or political opinion. 8 U.S.C. § 1158(b)(1)(A), (B)(i). In this case, the IJ's and BIA's denial of Ascencio-Vanegas's claim for asylum is supported by substantial evidence. The evidence does not compel a conclusion that Ascencio-Vanegas was persecuted or had a well-founded fear of persecution based on his membership in a particular social group. His case is not distinguishable from others in which we have held that young men who were recruited by criminal gangs did not constitute a particular social group because they lacked particularity and social distinction. *See, e.g., Orellana-Monson*, 685 F.3d at 521-22. The evidence also does not compel a conclusion that Ascencio-Vanegas was persecuted or has a well-founded fear of persecution based on his anti-gang and anti-corruption political opinion. Additionally, substantial evidence supports the IJ and BIA's determination that the threats made against Ascencio-Vanegas did not rise to the level of persecution and that Ascencio-Vanegas was not persecuted given

No. 16-60643

that he was targeted by the gang due to criminal motives. *See INS v. Elias-Zacarias,* 502 U.S. 478, 483 (1992).

To establish eligibility for withholding of removal, a petitioner must show (1) that he has suffered "past persecution in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion," or, if no such past persecution can be established, (2) that it is "more likely than not" that he will suffer a "future threat to life or freedom" "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b)(1)(i), (iii). Because Ascencio-Vanegas did not establish past persecution and has not shown that he has a well-founded fear of persecution for purposes of asylum, he necessarily has not made the more rigorous showing of a "clear probability" of persecution as is needed to establish entitlement to withholding of removal. *See Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994). Accordingly, the BIA and IJ's determination that Ascencio-Vanegas is not eligible for withholding of removal is supported by substantial evidence.

To obtain relief under the CAT, an alien must show "that it is more likely than not that he . . . would be tortured if removed" to his homeland. 8 C.F.R. § 208.16(c)(2). Torture is defined as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1).

The IJ's and BIA's denial of Ascencio-Vanegas's request for relief under the CAT is supported by substantial evidence. Ascencio-Vanegas's testimony that gang members made threats against him and his family and his documentary evidence that unspecified gang members in El Salvador have ties to some corrupt politicians does not compel a conclusion that Ascencio-Vanegas

3

No. 16-60643

would more likely than not be tortured by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity if he returns to El Salvador.  *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493-94 (5th Cir. 2015); *Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014).

The petition for review is DENIED.